THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MC ROBOTICS LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>IROBOT CORPORATION,<br><br>        Defendant. | Civil Action No. 2:16-cv-1183<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which MC Robotics LLC ("Plaintiff") makes the following allegations against iRobot Corporation ("Defendant"):

## PARTIES

1. Plaintiff is a Texas limited liability company, having a principal place of business located at 5068 W. Plano Parkway, Ste. 300, Plano, Texas 75093.

2. Upon information and belief, Defendant iRobot Corporation is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 8 Crosby Dr., Bedford, MA 01730. Defendant may be served via its registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## COUNT 1
## INFRINGEMENT OF U.S. PATENT NO. 6,650,975

6. Plaintiff is the owner by assignment of United States Patent No. 6,650,975 ("the '975 Patent") entitled "Multifunctional Mobile Appliance." The '975 Patent issued on November 18, 2003. A true and correct copy of the '975 Patent is attached as Exhibit A.

7. Bryan John Ruffner is listed as listed as the inventor of the '975 Patent.

8. The '975 Patent is valid and enforceable.

9. To the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '975 Patent complied with such requirements.

10. Defendant directly or through intermediaries, makes, uses, sells, and/or offers for sale the iRobot 900 Series, shown in Exhibit B, and the iRobot Ava, shown in Exhibit C, which infringe the '975 Patent.

11. Defendant has been and is now infringing at least claims 3, 4, 6, and 8 of the '975 Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, and/or offering for sale

robotic storage appliances, *i.e.*, the iRobot 900 series and the iRobot Ava (the "Accused Instrumentality"), covered by one or more claims of the '975 Patent to the injury of Plaintiff. Defendant is directly infringing, literally infringing, and/or infringing the '975 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '975 Patent pursuant to 35 U.S.C. § 271(a).

12. The Accused Instrumentality infringes claim 3 of the '975 Patent. It performs the method of automating the control of a mobile appliance comprising the steps of establishing a wireless communications link between a communications node and the mobile appliance, connecting said communications node to a public communications utility, moving the mobile appliance over an area, performing a task during said movement, and modifying absent direct user involvement one of the execution of the task, and the type of task performed by the mobile appliance in response to information exchanged between the mobile appliance and one of a database, expert software, and an expert system connected to said public communications utility. *See* Ex. B Figs. 1-4 and Ex. C Figs. 1-6.

13. The Accused Instrumentality infringes claim 4 of the '975 Patent. It performs the method defined in claim 3 further comprising the step of controlling the mobile appliance from the public utility via the communications node. *See* Ex. B Fig. 4 and Ex. C Figs. 4 and 6.

14. The Accused Instrumentality infringes claim 6 of the '975 Patent. It performs the method defined in claim 3 wherein the database includes one of work schedule, security, and multi mobile appliance coordination data. *See* Ex. B Fig. 4 and Ex. C. Fig. 5.

15. The Accused Instrumentality infringes claim 8 of the '975 Patent. It performs the method defined in claim 3 wherein the public communications utility is one of a cable service, a cellular phone service, a telephone line, and the World Wide Web; and the database includes one

of work schedule, security, and multi mobile appliance coordination data. *See* Ex. B Fig. 4 and Ex. C Figs. 4 and 6.

16. As a result of Defendant's infringement of the '975 Patent, Plaintiff has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

17. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '975 Patent, Plaintiff will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '975 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the '975 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '975 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

DATED October 19, 2016.	Respectfully submitted,

By: */s/ Hao Ni*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool
Texas Bar No. 24082185
kmccool@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF
MC ROBOTICS LLC**